IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ADONIS M. BULLOCK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　　Defendant. | Action No. 3:08–CV–371 |

MEMORANDUM OPINION
―――――――――――――

THIS MATTER is before the Court on Adonis Bullock's objections to Judge Dohnal's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of an application for Social Security Disability and Supplemental Security Income payments (Docket No. 12).  The Commissioner of the Social Security Administration's (Michael Astrue) decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") who determined that Bullock is not disabled according to the Social Security Act.  For the reasons stated below, the Court will OVERRULE Bullock's objections and ADOPT Judge Dohnal's Report and Recommendation (Docket No. 11) DENYING Bullock's Motions for Summary Judgment (Docket No. 8) and to Remand (Docket No. 9), GRANTING the Commissioner of Social Security's Motion for Summary Judgment (Docket No. 10), and AFFIRMING the Commissioner's decision denying benefits to Bullock.

I.  BACKGROUND

There is a five-step analysis conducted for the Commissioner by an ALJ to determine if a claimant is eligible for benefits.  20 C.F.R. §§ 416.920, 404.1520.  The ALJ considers whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy.  20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347–48 (4th Cir. 2007).  If, at any step of that analysis, the ALJ is able to determine that the applicant is disabled, the inquiry must stop.  20 C.F.R. § 404.1520(a)(4).  The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Bullock is not disabled at step four of the analysis.  He found that (1) Bullock had not performed substantial gainful activity since the alleged onset of the disability, (2) he had severe impairments,[1] and (3) the impairments did not meet any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1. (R&R at 6.)  However, the ALJ found that Bullock has the residual functional capacity ("RFC") to "lift/carry twenty pounds; stand/walk for six hours of an eight-hour workday; and sit for six hours of an eight-hour workday." (R. at 19.)  Because of

---

[1] These impairments are right knee degenerative joint disease and osteoarthritis. (R&R at 6; R. at 18–19.)

this, it was concluded that Plaintiff could "perform his past relevant work as a telephone operator or general clerk because that work 'does not require the performance of work-related activities precluded by [his] residual functional capacity.'" (R&R at 6 (quoting R. at 19).)  This resulted in a finding that Plaintiff is not disabled and therefore not entitled to benefits.

Bullock appealed this determination, arguing that (1) the ALJ's disability determination was not supported by an informed medical opinion, (2) the ALJ failed to properly adjudicate his obesity disability and learning disability claims, and (3) substantial evidence does not support the ALJ's disability determination because Plaintiff's credibility was improperly disregarded.  Judge Dohnal found that (1) the ALJ's assessment of the medical opinions and records were supported by substantial medical evidence, (2) there was no error in failing to adjudicate the obesity or the learning disability claims because they were never raised as contributing factors, and (3) the ALJ correctly considered Plaintiff's credibility.  The R&R agrees with the Commissioner's determination and recommends that the Court DENY Bullock's Motion for Summary Judgment, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM the decision denying benefits to Plaintiff.

Plaintiff now objects to the R&R alleging that (1) that the effects of his obesity were not evaluated as it relates to his pain or the effect it has on his disability; and (2) his treating physicians' testimony should be given greater weight than that of the non-examining physician.

## II. STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

## III. ANALYSIS

A. Judge Dohnal properly concluded that Plaintiff's obesity was properly omitted from the ALJ's decision because it was never raised as the cause or an aggravation of his alleged disability.

Plaintiff contends that the effects of his obesity should have been individually assessed pursuant to SSR 02-1p which requires a consideration of the effect of

4

obesity on a disability evaluation. 67 Fed. Reg. 57,859–64 (Sept. 12, 2002) ("The combined effects of obesity with other impairments may be greater than might be expected without obesity. . . .[there may be] more pain and limitation than might be expected from the [impairment] alone."). While Plaintiff's assertion is correct—that obesity is a factor to consider—his argument fails because not once in the record, or at the hearing, did Plaintiff assert that his weight exacerbated or caused his knee impairment.

After a review of the record, Plaintiff's weight is mentioned four times within the 897-page exhaustive report of Plaintiff's medical history, and at all times, his weight is given in a general or informative manner, and never as it relates to his knee issues. First, his weight is listed as 235 pounds on a report form, but is not listed in the section for "illnesses, injuries, or conditions and how they affect you." (R. at 106.) Later, in an emergency room visit report, Plaintiff's weight is listed as 252 pounds, but only generally, not in relation to his osteoarthritic issues. (R. at 786.) On that same emergency room report, a notation was entered that Plaintiff is an "overweight AA [African American] male." (R. at 833.) Obesity is also listed once in a summary of Plaintiff's medical history, but not as a cause or aggravation of his knee problems. (R. at 576.) Moreover, during the hearing before the ALJ, Plaintiff was asked directly if he had any other issues that affected him that he wished to discuss, and he specifically added claustrophobia and lower back pain to his medical problems, but never commented that his weight had any effect on his health. (R. at 866–88, 871; see R&R at 12–13.)

5

Judge Dohnal reasoned that requiring the ALJ "to assume or surmise that a circumstance or condition exists" without Plaintiff mentioning it as a source or cause of the impairment would "overly burden the ALJ, and render the system ineffective." (R&R at 12.) Judge Dohnal continues by stating, "[I]t is the claimant's responsibility to at least indicate which impairments allegedly cause or contribute to their alleged disability." (Id.) The Court agrees with this reasoning. While obesity is a required consideration when determining impairments, Plaintiff never raised this as an issue at the hearing or in his medical records, and requiring the ALJ assume obesity was a factor relating to his pain and or disability only by pure speculation would be unreasonable. For this reason, Judge Dohnal's recommendation will be ADOPTED and Plaintiff's objection that his obesity was omitted from consideration will be OVERRULED.

B. Judge Dohnal's conclusion was correct and the proper weight was afforded each of the physicians.

Plaintiff contends that the weight afforded the non-treating physician was improper and his treating physicians should have been given controlling weight in determining whether or not he was capable of performing light work.[2] Judge Dohnal found the ALJ's analysis and conclusions to be supported by substantial evidence in

---

[2] Plaintiff's objection on this issue is rather vague and does not speak directly to the determination of his ability to do light work. It appears, however, to be the same issue raised before Judge Dohnal, that Bullock's treating physicians were not afforded the proper deference when considering whether he was able to do light work. For this reason, the objection will be taken as a challenge to the conclusion that Bullock is able to work in past relevant jobs.

6

the record and based on appropriate medical evidence. (R&R at 11.) The ALJ's determination considered the opinions of two treating physicians, Dr. Brickhouse and Dr. Dolbeare, and a non-treating physician (requested by the state agency). When compared to the medical records, the state agency physician and Dr. Dolbeare were given significant but not controlling weight. (R&R at 9–10.)

When considering whether the claimant can return to his past relevant work (the fourth step of the analysis),[3] the residual functional capacity ("RFC") and the "physical and mental demands of work [the claimant] has done in the past" must be determined. 20 C.F.R. §§ 416.920(e), 404.1520(e). In considering the RFC of a plaintiff, the ALJ must consider "all relevant evidence in [the] case record." 20 C.F.R. §§ 416.945(a)(1), 416.946(c). Residual functional capacity "is the most [that an applicant] can still do despite [his] limitations." Id. § 416.945(a)(1). It is determined on the basis of "all of the relevant medical and other evidence." Id. § 416.945(3). Medical evidence consists of medical records and any evidence resulting from consultative examinations or expert evaluations. See 20 C.F.R. § 416.912(f). If the medical evidence, including all medical examinations by all physicians is consistent, the ALJ makes a determination based on all the evidence. 20 C.F.R. § 416.927(c)(1). However, if any of the evidence is inconsistent, the ALJ must decide which evidence should receive controlling weight. 20 C.F.R. § 416.927(c)(2), (d). Treating physicians are generally afforded controlling weight because they can provide a more detailed

---

[3] Past relevant work is substantial gainful activity conducted in the past fifteen years that lasted long enough for the claimant to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

and personal element to the analysis. 20 C.F.R. § 416.927(d)(2). However, if the treating source's opinion is not well-supported by medically acceptable techniques or is inconsistent with the other substantial evidence in the case, then the opinion of a treating physician will not be given controlling weight. Id. Additionally, if the treating physician "opines on an issue reserved for the Commissioner, or when that opinion is inconsistent with other evidence or is not well supported," his opinion will not be given controlling weight. Jarrells v. Barnhart, No. 7:04–CV–411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005); accord 20 C.F.R. § 404.1527(d)(3)–(4), (e). If the treating physician's opinion is deemed not-controlling, all of the evidence is examined for supportability, consistency, and specialization. 20 C.F.R. § 416.927(d)(3)–(6).

Plaintiff cites SSR 96-6p for the proposition that treating physicians should be given controlling weight over non-treating physicians, but fails to cite to anywhere in the record where the ALJ failed to justify giving more weight to Dr. Dolbeare and the stage agency physician than to Dr. Brickhouse. Plaintiff also argues that the "findings of Dr. Brickhouse and Dr. Dolbeare differ from the ALJ's residual functional capacity." (Pl.'s Objs. to Proposed Findings, Conclusions & Recommendation of the Magistrate Judge 2.)

As to Plaintiff's first argument, the ALJ's Report notes that Ruling 96-6p was taken into account in the decision and that the medical expert opinions of examining and non-examining sources were given "significant, but not controlling, weight." (R. at 20.) Dr. Brickhouse's opinion was that Bullock was able to lift/carry ten pounds

frequently, he was able to stand/walk less than two hours of an eight-hour workday, and could sit for four hours—all resulting in about three absences per month from work. (R. at 21.) Dr. Dolbeare, however, found that Bullock was able to occasionally lift/carry twenty pounds, frequently lift/carry ten pounds, stand/walk for about four hours of an eight-hour workday, and sit with no limitation—resulting in no absences per month from work. (R. at 21.) The state agency physician reviewed the medical records and found that there were no "permanent functional limitations" indicated by the record, and that the treating physicians only made recommendations for a "temporary reprieve" from work while Plaintiff recovered from his surgeries. (R. at 686.) This, combined with the hearing testimony that Plaintiff is able to use his hands and upper extremities to perform light lifting, he is able to ambulate effectively with no severe gait abnormalities, and his complaints of discomfort do not result in any "nonexertional limitations," persuaded the ALJ to hold that Dr. Dolbeare and the state agency physician's opinions should be given significant weight. (R. at 21.) Dr. Dolbeare's opinion was found to be more persuasive because "his opinions are more consistent with the preponderance of the medical evidence and the claimant's less than credible testimony." (R. at 21.)

Dr. Brickhouse's opinion was properly given less weight, because upon review of the record, Plaintiff's injuries did not "demonstrate any basis for such stringent and permanent restrictions on Plaintiff's work capabilities" as suggested by Dr. Brickhouse. (R&R at 11.) As an example, in 2004, Dr. Jay Nogi reported that Plaintiff had degenerative joint disease, and while Bullock may have been eligible for some

9

work modification, he was "reluctant to sign any form that [made Bullock] completely disabled on the basis of unilateral knee arthritis." (R. at 582.) In reviewing the record, Judge Dohnal and the ALJ properly found that none of Plaintiff's doctors ever placed Plaintiff under the restrictions set by Dr. Brickhouse, and any limitations given to Plaintiff were not as strict as those recommended by Dr. Brickhouse. (See R&R at 11.) For this reason, it is entirely reasonable for the ALJ to give less weight to Dr. Brickhouse's testimony, because it was not consistent with the medical record, or the opinions set forth by Dr. Dolbeare or the state agency physician.

The ALJ did deviate from Dr. Dolbeare's opinion on one element, finding that Plaintiff was able to stand/walk for up to six hours of an eight-hour workday, instead of just four hours, as suggested by Dr. Dolbeare. (R. at 21.) This decision was reasonably justified by the Plaintiff's medical records and the opinion of the state agency physician that Bullock could sit for longer than four hours. (R&R at 10–11.)

Because the ALJ's decision appears to be based on the appropriate standard to review medical evidence, there is substantial evidence in the record to support his finding, and the medical opinions were afforded the appropriate weight, Judge Dohnal's recommendation will be ADOPTED and Bullock's objection that his physicians were not afforded the proper weight will be OVERRULED.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's objections will be OVERRULED and the Court will ADOPT Judge Dohnal's Report and Recommendation.

10

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate Order shall issue.

<div style="border:1px solid;">
_____/s/_____
James R. Spencer
Chief United States District Judge
</div>

Entered this __12th__ day of May 2009